AYRES, Judge.
This action by plaintiff, a shareholder and director of the Sibley Road Drive Inn, Inc., instituted not only in his own behalf but for and on behalf of the corporation, against the defendants, Ralph J. Speede, Leon G. Bolen, and Thomas R. Koonce, the other three shareholders and directors, arose out of certain alleged fraudulent acts and activities of defendants in the formation and conduct of the business of the corporation, which acts allegedly resulted in a personal loss to plaintiff as well as a loss to the corporation.
The losses asserted to have been sustained by plaintiff individually are itemized as $15,000.00 paid for 60 shares of the capital stock of the corporation, $1,750.00 as unpaid salary, and $30,000.00 as anticipated salary at $600.00 per month due him as manager of the business. On behalf of the corporation, it would appear that claim is asserted for either $30,000.00, as the value of the shares of stock issued to the three defendants, or for $40,000.00 in corporate funds allegedly wrongfully distributed to defendants out of a loan obtained by the corporation from Kilpatrick Life Insurance Company of Louisiana. The payments in the distribution were allegedly made for and in the personal interest of the defendants, particularly to pay indebtedness and obligations personally and individually owed by them.
For a cause of action, plaintiff alleged that defendants Speede and Bolen promoted the creation of the aforesaid corporation and conspired to acquire the ownership of two-thirds of the shares of the capital stock thereof without payment therefor; that they with defendant Koonce dis *241 bursed the proceeds of the aforesaid loan for their personal benefit without authorization and contrary to an understanding between them and plaintiff that the proceeds would be used to pay off an equipment lease-purchase agreement; and that plaintiff purchased one-third, or 60 shares, of the capital stock for a price of $15,000.-00 in cash on the representation of the defendants that he would have employment as manager of the business to be conducted at a salary of $600.00 per month in addition to his share of the profits and an opportunity to purchase the business out of the profits.
During the pendency of these proceedings, the defendant Speede died and his widow, as administratrix of his estate, was substituted as a party-defendant. Bolen, never served, is not a party to this action.
In answer to plaintiff’s demands, defendants denied any wrongdoing or a conspiracy on their part to defraud plaintiff, affirmatively alleged adequate payment by the three defendants for the shares of corporate stock issued to them, and asserted that plaintiff was a party to all proceedings, in which he acquiesced, and that he is thereby estopped to claim any damages as a result of the activities in which he participated.
Defendants in reconvention alleged mismanagement on the part of plaintiff as manager of the corporate business, which mismanagement allegedly resulted in ultimate failure of the enterprise. They accordingly sought damages against plaintiff to the succession of Speede in the amount of $29,170.28 and to Koonce in the sum of $9,139.72, as well as damages to the corporation in the amount of $50,000.00.
After trial, there was judgment rejecting plaintiff’s individual demands as well as those for the use and benefit of the corporation. Defendants’ reconventional demands were likewise rejected. From the judgment thus rendered and signed, plaintiff alone has appealed. Defendants neither appealed nor have they answered plaintiff’s appeal.
The facts upon which this action is predicated, briefly stated, are that Speede and Bolen, owners of a tract of land comprising 20 acres, more or less, on the Sibley highway within or near the corporate limits of the City of Minden, promoted the construction of an A. & W. restaurant or sandwich shop. On a portion of the tract adjacent to the highway, comprising an area of .64 of an acre, they proposed to erect a building for the operation of the business.
To carry out their purpose, a corporation was created with Speede as president and Bolen as secretary. The corporation had an authorized capital of 180 shares. Sixty of these shares were sold to plaintiff for $15,000.00 cash. He was employed as manager to operate the business. Speede and Bolen were scheduled to receive 120 shares, or two-thirds interest, in the corporation for providing the premises and the building to be used in the operation of the business. They contracted with defendant Koonce, an experienced contractor, to erect the building in accordance with plans furnished and required by the grantor of a franchise for its operation. Accordingly, for the construction and services rendered, Koonce was issued 40 shares of the capital stock originally allotted to Speede and Bolen and constructed the building. A franchise for the business was obtained as was the necessary equipment for its operation.
The equipment was secured on a lease-purchase agreement with Bish Leasing Company, Inc., for a total specified rental of $44,572.80, payable in 60 consecutive monthly installments of $742.88 each beginning on March 11, 1968, with the exception that the first and last four of the installments were payable in advance. The indebtedness under the lease-rental agreement was accordingly reduced to $40,858.-40.
*242 Plaintiff’s testimony that the loan of $40,000.00 obtained from Kilpatrick Life Insurance Company was for the purpose of paying for the equipment under the aforesaid lease-purchase agreement is not supported by other testimony. The loan, however, was expended and disbursed as follows :
Minden Bank & Trust Co. — to apply on the mortgage of Speede and Bolen covering the 20-acre tract from which the .64 of an acre was taken for the business site $15,900.00
Life and Casualty Insurance Company of Tennessee — premiums on insurance policies covering the lives of the incorporators 230.55
Thomas R. Koonce — construction costs of the building to the extent of 14,967.40
Ralph J. Speede — for filling-in and improving the lot 8,902.05
We find no merit in plaintiff’s contention that the three other defendants were issued their shares of stock without consideration or for an inadequate consideration. As noted above, Speede and Bolen provided the lot and secured construction of the building. The cost of the building was paid for by the issuance and delivery to Koonce of 40 of the 120 shares of capital stock originally allotted to Speede and Bolen. Koonce constructed the building. Thus, it must be concluded that all shares of stock were issued for an adequate consideration.
Plaintiff next complains of the alleged wrongful distribution of the proceeds of the aforementioned loan. As already noted, the distribution included $15,900.00 to the Minden Bank & Trust Co. to apply on a mortgage of Speede and Bolen covering the 20-acre tract from which the business site was taken, as well as $8,902.05 paid to Speede for reimbursement of costs in excavating, filling-in, and otherwise improving the lot. These items were alleged to have been personal obligations of Speede and Bolen. However, it must be noted that in the deed to the lot from Speede and Bolen to the Sibley Road Drive Inn Inc., it is recited that:
“Vendee assumes and agrees to pay the balance due on that certain promissory note originally made and executed by vendors to the order of ‘Themselves’ in the amount of $15,000.00, due on demand, bearing 6% per annum interest from date of May 5, 1967, payment of same being secured by mortgage on the hereinabove described properties, and ad- ■ ditionally agrees to reimburse vendors all sums paid by vendors to L. T. Brown Contractor, Inc. and/or associates for the dirt work and for other improvements already made on said properties by vendors.”
No attack has been made upon this deed nor has the aforesaid provision been assailed in any manner. Hence, these items were assumed and payable by the corporation.
The sum of $230.55 paid through the disbursement of the loans to Life and Casualty Insurance Company of Tennessee as premiums on life insurance policies, covering the lives of the incorporators and further securing the loan, appears to us to have been proper.
The record shows that Koonce contributed services, material, and labor of a value *243 of $26,767.40 in the construction of the building. After crediting the aforesaid reimbursement, the net cost of the shares of stock allotted to him was $11,800.00. Thus, the price paid by Koonce for 40 shares compares favorably with the $15,000.00 paid by plaintiff for 60 shares. It may, moreover, be pointed out that Speede and Bolen contributed a net value of $15,197.95 for the shares allotted to them ($40,000.00, the appraised value of the property, less payment of the note of $15,900.00 and less costs of improving the property in the sum of $8,902.05, both of the last two sums, as heretofore noted, having been assumed by the corporation).
In giving consideration to the equities of the parties, it appears appropriate to note that the premises, the lot and the building, after completion of the building, were appraised at $60,000.00, $40,000.00 of which was attributed to the lot and $20,000.00 to the building. In this connection, it may be observed that while plaintiff questioned, in brief and argument, the appraisals of the property, the estimations of value assigned to the property were not controverted by any other evidence. It appears insignificant, in view of the appraisal by two competent, independent appraisers, that the tract as a whole was purchased in its “raw” state by Speede and Bolen for $19,500.00.
Plaintiff advanced $1,560.70 to the corporation when its financial difficulties became acute; Speede likewise came to the rescue of the corporation with advances aggregating $9,234.41; and Koonce likewise made advances and loans to the corporation of $21,532.03.
Moreover, if it could he said that the disbursement of the funds realized from the loan was wrongfully made, it is not established that this alone caused the failure of the business. The business, from its inception, sustained monthly losses of approximately $2,000.00. Under the lease-purchase agreement, the monthly payments were $742.88; the monthly payments on the loan were $390.00. With losses so great, the difference in these payments was insignificant so far as resulting in a failure of the venture. The failure therefore clearly resulted from numerous causes and cannot be charged solely to defendants.
The trial court concluded that:
“Since the plaintiff was an officer and director of the corporation, this Court agrees with counsel for defendants in their briefs that the law will not permit him to enter into a business venture and participate as an officer and director of a corporation formed in connection therewith, have the sole management of the business carried on by the corporation for nearly a year at a loss of $2,000.00 per month, and then seek to recover his investment in the venture and damages by claiming that the other director-officers did not comply with the law in the organization and operation of the corporation.
“For these reasons this Court is of the opinion that plaintiff’s demands must be rejected at his costs.
“The defendants have likewise failed to prove the damages which they alleged in their reconventional demand and the reconventional demand of the defendants will be rejected.”
This conclusion finds substantial support in the record.
For the reasons set forth hereinabove in more or less detail, we are unable to point out any manifest error in the conclusions reached in the trial court.
The judgment appealed is accordingly affirmed at plaintiff-appellant’s costs.
Affirmed.